(127 So. 499)

## McMILLAN v. STATE.
### 6 Div. 605.

Court of Appeals of Alabama.
Jan. 21, 1930.

Rehearing Denied Feb. 4, 1930.

Windham & Countryman, of Birmingham, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

A question of fact pure and simple is presented in this case. The evidence for the state, if believed under the required rules, was ample to sustain the conviction of this appellant under the second count of the indictment, and upon that count the jury based its verdict. He was there charged with the offense of possessing, etc., a still to be used for the purpose of manufacturing or distilling prohibited liquors or beverages. The evidence was undisputed to the effect that the three state witnesses found two copper stills filled with beer or other substance duly described, and that the stills and contents were such as are commonly or generally used for, or was suitable to be used in, the manufacture of prohibited liquors or beverages.

This evidence established the corpus delicti, and the only question presented was whether or not this appellant was in the possession of said still. He strenuously denied all knowledge of the still and all connection therewith, and set up an alibi, insisting that at the time testified to by the state's witnesses in which they said they saw him at the still exercising acts of ownership or control thereof he was at home in bed sick, and that his home was about three-fourths of a mile from the still place. He offered other evidence which tended to sustain him in this insistence. Under this conflicting evidence, the question of the guilt or innocence of the accused was for the jury to determine. Upon the trial, some extraneous matters of evidence were adduced, and several exceptions were reserved in this connection. The mat-

ters, however, appear to have been superinduced by the appellant in his rather unusual manner of examining the witnesses. Each exception reserved has had the attention of this court. We discover no reversible error upon the trial; hence the judgment appealed from will stand affirmed.

Affirmed.